NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
Hans NI                                 :
                                        :
        Plaintiff,                      :        Civil No. 10-1522 (AET)
                                        :
             v.                         :        **OPINION & ORDER**
                                        :
RITE AID OF NEW JERSEY,                 :
                                        :
        Defendant.                      :
_____:

THOMPSON, U.S.D.J.

        This matter has come before the Court upon Defendant Rite Aid of New Jersey's ("Rite

Aid") Motion to Dismiss [docket #3].  The Court has decided this motion after taking into

consideration the submissions of both parties and after oral argument which was heard on June 7,

2010.  For the reasons set forth below, Defendant's motion is granted.

        I.      **Background**[1]

        Hans Ni ("Ni"), proceeding *pro se*, has filed a Complaint against his former employer,

Rite Aid, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e-3, for opposing an unlawful employment practice.[2]  In addition, in Ni's

_____

        [1]The Court has drawn the following facts from Ni's Complaint [docket #1] and Ni's
Opposition to the Motion to Dismiss ("Opposition Brief") [docket # 8].  For the purposes of this
motion, the Court will assume Ni's allegations to be true.

        [2]Although Rite Aid apparently interpreted Ni's claim as one of discrimination based on
race or national origin, the limited information provided in Ni's Complaint leads the Court to
believe Ni's claim is properly construed as alleging retaliation for opposing an unlawful
employment practice.  Specifically, Ni alleges that "I was fired for complaining about racism."
(Compl. 3.)

Opposition Brief, he claims that Rite Aid discriminated against him in violation of Title I of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, and retaliated against him for complaining of the discrimination in violation of Title IV of the ADA, 42 U.S.C. § 12203.[3] Because Ni is proceeding *pro se*, the Court must construe Ni's Complaint liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir.2009).

Ni was born in Shanghai, China, in 1981. In March of 2007, Ni was in a car crash in which he broke his ankle. Ni alleges that even after two surgeries and two months of medical therapy he still has difficulty with "moving activities." In addition, Ni weighs over 300 pounds and is obese. He contends that these conditions make him a "disability employee."

Ni was hired by Rite Aid in January of 2007 as a pharmacist. In his position at Rite Aid, Ni "floated," meaning that he was assigned to work at different Rite Aids, some of which were located at great distances from his house, requiring him to drive "over one hundred miles" for a shift. Ni alleges that he "requested and pleaded" with his supervisor, Donna Lowe-Washington, to reasonably accommodate his disability by assigning him to a permanent position at one Rite Aid. Ni asserts that his schedule was arranged in an unreasonable manner where he had to work long shifts on consecutive days while most other employees had much more reasonable schedules. He also alleges that Rite Aid failed to provide him with a properly fitting

---

[3]Although when considering a motion to dismiss the Court would typically be constrained to the allegations included in the complaint, given Ni's *pro se* status and the extreme brevity of the Complaint, the Court will consider at this time the argument and factual allegations made in Plaintiff's Opposition Brief. Indeed, if the Court were to look only at the Complaint it would of necessity have to dismiss it without prejudice as it states only the bare legal conclusion that Ni was fired for complaining of racism. Of course, if this matter were to proceed, Ni would have to properly amend his Complaint to include these claims and the factual allegations on which they are based.

uniform, and that classmates who were similar to him have become store managers.  Ni suggests that the reason he was treated in this manner was because of his disability, race, and/or national origin.        On or about July 26-27, 2008, after completing a shift, Ni sent e-mails to Rite Aid management complaining that he had suffered discrimination due to his disability.  According to Ni, he then sent several text messages to his supervisor, Ms. Lowe-Washington, including ones stating: "It's time for show down," "I dare you to fire me" and "You must pay for your crimes." Ni subsequently called in sick from work from July 28-August 2, 2008.[4]  When Ni returned to work, he was told that his job had been terminated as of August 2, 2008 because of the improper text messages.

## II.     Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a 12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). However, a court need not accept conclusory statements or a statements that amount to legal conclusions.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).

Once the well-pled facts have been identified, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S.Ct. at 1949)).  A claim is only plausible if a plaintiff has alleged specific facts which "show" an entitlement to relief, as opposed to allegations that allow a mere inference

---

[4]According to Rite Aid's reply brief, a number of other inappropriate text messages and e-mails were sent to Ms. Lowe-Washington and other members of Rite Aid management between July 27, 2008 and July 29, 2008.

as to the possibility of misconduct. *Id.* In making this determination, a district court may consider the allegations contained in complaint, exhibits attached to complaint, and matters of public record. *Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.   Analysis

#### A.   *Claims of Retaliation*

Ni contends that when he was fired on August 2, 2008, it was in retaliation for complaining about discrimination. ADA retaliation claims and Title VII retaliation claims are analyzed according to the same framework. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 501 (3d Cir. 1997). First, in order to succeed on his retaliation claims, Ni will have to show: (1) protected employee activity, (2) adverse action by the employer, and (3) a causal connection between the protected activity and the employer's adverse action. *Id.* Assuming that this is established, the burden then shifts to the employer to advance a legitimate, non-retaliatory reason for the adverse employment action. The plaintiff holds the ultimate burden of convincing the finder of fact that the proffered explanation is false and that retaliation was the real reason for the adverse employment action, i.e. that the proffered explanation is pretextual. *Id.*

The Court first notes that while Ni's initial e-mails to management may have been protected employee activity, the later text messages sent to Ms. Lowe-Washington clearly were not. In order to be protected conduct, an employee's complaint to management must specifically complain of a practice made unlawful by the ADA or Title VII. *Barber v. CSX Distribution Services*, 68 F.3d 694, 702 (3d Cir. 1995). Ni's text messages to Ms. Lowe-Washington do not raise the issue of discrimination based on race, national origin, or disability but rather only make

general threats.  In addition, it is not clear if Ni engaged in any conducted protected under Title VII, as in his Opposition Brief he only mentioned complaining of discriminated based on disability in his e-mails to Rite Aid management.[5]

The Court believes that given Ni's ultimate burden of proof and the admissions included in Ni's Opposition Brief, Ni has failed to state a plausible claim upon which relief can be based. Disregarding Ni's conclusory statements that his termination was retaliatory and looking only to the factual allegations of the Complaint and the Opposition Brief, it appears much more likely that Ni was terminated because he sent threatening text messages to Ms. Lowe-Washington than because he sent e-mails to Rite Aid management complaining of discrimination.  Ni admits that he sent numerous threatening and inappropriate messages to Rite Aid management.  These do not constitute protected conduct and Ni can properly be terminated for sending such text messages.  Ni also admits that he was repeatedly told by Rite Aid that the reason he was being fired was because of the improper text messages.[6]  Although the circumstances of Ni's termination could hypothetically be consistent with retaliation, Ni has failed to allege facts that push his complaint "over the line from conceivable to plausible."  *Twombly*, 127 U.S. at 1955. The Court thus finds that Ni has failed to state a claim for which relief can be granted and will dismiss Ni's claims under Title VII and Title IV of the ADA.

**B.    *Discrimination in Violation of Title I of the ADA***

---

[5]Neither the Complaint nor the briefs filed in relation to this motion to dismiss describe the content of Ni's initial e-mails in any more detail.

[6]Indeed, both Rite Aid and its counsel appear genuinely worried about the harassing nature of Ni's e-mails, phone calls, and text messages, which apparently have continued since the time of his firing and through the pendency of this lawsuit.  This concern was raised at a recent status conference.

Ni, in his opposition brief, alleges that he was discriminated against due to his disability while employed at Rite Aid.  The Court will dismiss this claim because Ni has not pled factual allegations which would support a finding that he is disabled under the ADA.  First, neither Ni's obesity nor his broken ankle constitute a disability under the ADA.  Except for rare circumstances, obesity is not considered a disability.  *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1264 (11th Cir. 2007); *see also E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436 (6th Cir. 2006) (morbid obesity is only an ADA impairment where it has a physiological cause).  In addition, a temporary, non-chronic impairment—such as the broken ankle suffered by Ni—does not, as a matter of law, substantially impair a major life activity.  *Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 764 (3d Cir. 2004).

Second, Ni's allegations do not suggest that he is impaired in a manner which "substantially limits one or more major life activities."  42 U.S.C. § 12102.  Ni alleges that he has a continuing physical impairment in that he has trouble with moving activities since his broken ankle.  "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  42 U.S.C. § 12102.  A major life activity is substantially limited if an individual is unable to perform it or is "[s]ignificantly restricted as to the condition, manner or duration" under which it is performed.  29 C.F.R. § 1630.2(j)(3)(I).  The fact that Ni may have more difficulty with moving activities than he did before the car accident does not suggest that he is so significantly restricted in any of the above major life activities so that his physical impairment would rise to the level of what is protected by the ADA.  Because Ni's alleged conditions of obesity and a broken ankle do not

make him "disabled," Ni's claim under Title I of the ADA will be dismissed.

A.     *Administrative Termination*

It has only recently come to the Court's attention that when Ni filed his Complaint he failed to include either the requisite $350.00 filing fee or a complete application to proceed *in forma pauperis*.  Thus, even if the Court were not to dismiss the Complaint for failure to state a claim, it must administratively terminate this action at this time.  *See* 28 U.S.C. § 1915.[7]

**IV.   Conclusions**

For the reasons stated above, and for good cause shown,

IT IS on this 22nd day of June, 2010

ORDERED that Defendant Rite Aid's Motion to Dismiss [docket # 3] is GRANTED; and it is

ORDERED that this matter is CLOSED.

*/s/ Anne E. Thompson*
_____

ANNE E. THOMPSON, U.S.D.J.

---

[7]If Ni wishes to amend and refile his Complaint he must include either the $350.00 filing fee or a complete application to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.  However, the Court strongly suggests that Plaintiff seek the advice of counsel before proceeding any further on this matter.